**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Miscellaneous Matter No. 1:21-mc-00016-CMA (arising from Civil Action No. 3:19-CV-00764-X currently pending in the United States District Court for the Northern District of Texas)

VEROBLUE FARMS USA, INC.,

    Plaintiff,

v.

LESLIE A. WULF, ET AL.,

    Defendants.

## ORDER

This matter is before the Court on (1) Third Party Amstar Group, LLC's Motion to Modify Subpoena and/or Specify Conditions for Deposition (Doc. # 7) and (2) its Motion for Forthwith Hearing on the same (Doc. # 11). The motions are denied for the following reasons.

### I.    BACKGROUND

This matter relates to a lawsuit in the Northern District of Texas. (Doc. # 7). The plaintiff, VeroBlue Farms USA, Inc., is a fish-farm business. (Doc. # 7-3, ¶ 1). The defendants are former members of the VeroBlue board of directors. (Doc. # 7-3, ¶¶ 1-4). VeroBlue went bankrupt in 2018. (Doc. # 7-3). It is now suing several of its former board members, alleging that their misconduct caused the bankruptcy. (Doc. # 7-3, ¶¶ 1-4, 22).

1

Defendants recently subpoenaed Jason Lucas for a deposition. (Doc. # 7-1). Lucas is not a party to the Texas case, but from 2007 to 2018, he was an employee, and ultimately the president, of a company called Amstar Group, LLC. (Doc. # 7, pp. 1-2). Amstar's connection to this case is not entirely clear, but Amstar claims to be "a real estate private equity firm" and "a creditor of [VeroBlue]." (Doc. # 7, p. 2). Amstar now seeks permission to have its attorneys attend Lucas's deposition.[1] (Doc. # 7).

Amstar contends that Lucas possesses confidential and privileged information about Amstar's business, and that Defendants may ask Lucas about that information during the course of Lucas's deposition. (Doc. # 7). Therefore, they argue, Amstar's attorney should be permitted "to attend and to make objections during the deposition of Mr. Lucas in order to protect Amstar's privileged and confidential information." (Doc. # 7, p. 1).

Defendants counter that Amstar should be excluded from the deposition because (1) Amstar's confidentiality concerns have already been addressed by a protective order in the Texas action, and (2) Lucas's attorney, who will be present at the deposition, can prevent Lucas from disclosing any privileged information. (Doc. # 8, p. 3).

The Court agrees with Defendants.

---

[1] Because Lucas apparently resides in Colorado and will be deposed here, Amstar filed its motion in this Court rather than in the Texas court where the lawsuit is being litigated. *See* F.R.CP. 45(d) (vesting authority to quash or modify subpoenas in "the court for the district where compliance is required").

## II.     ANALYSIS

Amstar seeks relief under F.R.C.P. 45(d)(3). (Doc. # 7, p. 1). That rule provides, in relevant part, that "the court for the district where compliance is required <u>must</u> quash or modify a subpoena that: (i) fails to allow a reasonable time to comply, (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c), (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A) (emphasis added). Further, the court <u>may</u> quash or modify a subpoena that "requires . . . disclosing a trade secret or other confidential research, development, or commercial information." F.R.C.P. 45(d)(3)(B). This subpoena does none of these things.

The subpoena merely seeks Lucas's deposition; it does not require disclosure of any privileged, protected, or confidential information, and it does not subject any person to undue burden. (Doc. # 7-1). Though Lucas may possess confidential information related to his time at Amstar, that information is protected from disclosure by Lucas's Confidentiality Agreement with Amstar, which bars him from sharing that information with anyone outside the company. (Doc. # 7-2). Further, in the event Lucas discloses confidential information in his deposition, Amstar is protected from widespread disclosure of that information by a protective order, which was issued by the presiding judge in the Texas lawsuit. (Doc. # 8-3). Therefore, Rule 45 does not provide this Court with a basis to modify the subpoena in question.

Amstar argues, however, that "Amstar has well-founded concerns that Defendants may pose questions that could elicit irrelevant confidential information

3

and/or privileged information in violation of the discovery rules." (Doc. # 7, p. 10). "Discovery into matters not relevant to the case," they contend, "imposes a per se undue burden," which requires this Court's intervention. (Doc. # 7, p. 7 (quoting *White v. Deere & Co.*, No. 1:13-cv-02173-PAB-NYW, 2015 WL 1385210 (D. Colo. Mar. 23, 2015)). This argument is unavailing.

Though the Court does not dispute that overly intrusive discovery should not be permitted, Amstar has failed to demonstrate that Defendants' subpoena seeks "[d]iscovery into matters not relevant to the case." *White*, 2015 WL 1385210 at *9. Rather, it merely speculates that Defendants *might* seek irrelevant information. Amstar's speculation is not a sufficient basis for this Court's intervention under Rule 45.

Amstar also argues, however, that "where a third-party witness may be in a position to disclose confidential or privileged information of another party or non-party, courts examining the issue generally recognize that the most appropriate course is for the party or non-party asserting the privilege to make objections during the deposition and, where appropriate, instruct the witness not to answer." (Doc. # 7, p. 10). But the cases cited by Amstar do not actually support Amstar's position. (*See* Doc. # 7, p. 10, *citing Flint Hills Sci., LLC v. Davidchack*, No. 00-2334-KHV, 2001 WL 1717902, at *2 (D. Kan. Nov. 9, 2001); *Rios v. Ramage*, No. 19-2602-JWB-ADM, 2020 WL 6701206, at *2 (D. Kan. Nov. 13, 2020); and *SEC v. Art Intellect, Inc.*, No. 2:11-cv-00357-TCDN, 2012 WL 776244 (D. Utah Mar. 6, 2012)). Each of these cases involved objections lodged by the person subject to the subpoena or by a party to the litigation. None of these cases involved the situation presented here: an objection lodged by a person who is neither a

4

party nor the person subpoenaed. Therefore, the Court declines to extrapolate the reasoning of those cases to the facts of this case.

Finally, Amstar argues in its reply brief that this Court should allow it to attend the deposition because "Rule 26 expressly allows the court to '[designate] the persons who may be present while the discovery is conducted.'" (Doc. # 10, p. 5 (citing F.R.C.P. 26(c)(1)(e)). The Court declines to address this argument.

Amstar is correct that Rule 26(c) allows the Court to set the terms of a deposition. That rule, entitled "Protective Orders," provides that, "the court for the district where the deposition will be taken . . . may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including an order "designating the persons who may be present while the discovery is conducted," or an order "specifying terms" for the discovery. But Amstar did not raise this argument in its motion to modify the subpoena. Rather, Amstar expressly stated that it was seeking a modified subpoena "pursuant to Fed. R. Civ. P. 45(d)(3)" (Doc. # 7, p. 1); Amstar did not cite F.R.C.P. 26(c) or request a protective order. Amstar raises its protective-order argument for the first time in its reply brief. As the Tenth Circuit has explained, raising an argument for the first time in a reply brief "robs the [other party] of the opportunity to demonstrate that the record does not support [the moving party's] factual assertions and to present an analysis of the pertinent legal precedent that may compel a contrary result." *Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000). As a result, "arguments raised for the first time in a reply brief are generally deemed waived," *United States v. Harrell*, 642 F.3d 907, 918 (10th Cir. 2011).

5

Therefore, the Court declines to address the request for a protective order contained in Amstar's reply.

### III. CONCLUSION

For the foregoing reasons, the Motion to Modify Subpoena and/or Specify Conditions for Deposition (Doc. # 7) and the Motion for Forthwith Hearing on the same (Doc. # 11) are DENIED.

DATED: July 6, 2021

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge